UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHA MAINES,

    Plaintiff,

v.                                                      CASE NO: 8:11-cv-163-T-23MAP

USAA, et al.,

    Defendants.

_____/

**ORDER**

The pro se plaintiff sues (Doc. 1) and alleges (1) a violation of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601-93r; (2) a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-92p; (3) a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691f; (4) a violation of the "Federal Credit Reporting Procedures Act"; (5) negligent infliction of emotional distress; and (6) intentional infliction of emotional distress.  The claims arise from an alleged "verbal contract" pertaining to the plaintiff's payment of an automobile loan and the defendant's repossession of the plaintiff's vehicle.  The defendants move (Doc. 7) to dismiss and argue that res judicata bars the plaintiff's claims and that the complaint otherwise fails to state a claim.  The plaintiff files an "objection" (Doc. 12) to the defendants' motion.

Res judicata bars a claim if the party asserting res judicata shows (1) that a "court of competent jurisdiction" rendered a decision, (2) that the decision qualifies as a "final judgment on the merits," (3) that the earlier action involved the same parties or people in privity with the same parties, and (4) that the earlier action involved the same cause

or causes of action. Trustmark Ins. v. ESLU, Inc., 299 F.3d 1265, 1269 (11th Cir. 2002); Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

> 'A judgment on the merits does not require a determination of the controversy after a trial or hearing on controverted facts. It is sufficient if the record shows that the parties might have had their controversies determined according to their respective rights if they had presented all their evidence and the court had applied the law.'

Matthews v. Wolvin, 266 F.2d 722, 728 (5th Cir. 1959)[*] (quoting Hinchee v. Fisher, 93 So. 2d 351 (Fla. 1957). If a claim "was or could have been raised" in an earlier action, res judicata bars the claim. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001); Ragsdale, 193 F.3d at 1240.

In this instance, the defendants describe an earlier action by the plaintiff in the Eastern District of Virginia (3:10-cv-740-JRS, the "Virginia action"). In the Virginia action, the plaintiff filed a complaint "virtually identical" to the complaint in this action. The Virginia action involved the same defendants, except for Ashley Turner (a defendant in this action and a purported agent of USAA). The plaintiff obtained leave to proceed in forma pauperis, but the complaint was dismissed as vague, conclusory, and otherwise frivolous. A December 1, 2010, order, reviews an amended complaint and dismisses the complaint sua sponte for failure to state a claim. Accordingly, the defendants assert that res judicata bars this action. In response, the plaintiff argues (1) that the dismissal was "without prejudice" and (2) that the complaint in this action "has not yet been heard based on the facts and merits" and "a dismissal would constitute a manifest injustice and failure of full [d]ue [p]rocess for a [p]ro [s]e litigant."

---

[*] Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), renders binding each opinion of the former Fifth Circuit Court of Appeals decided on or before September 30, 1981.

In this instance, an order in the Virginia action (See Case No. 3:10-cv-740-JRS, Doc. 5, attached to this order) reviews the plaintiff's claims, dismisses the action without prejudice, and certifies the order for appeal.  Although not a final order for the purpose of res judicata, the order examines the plaintiff's amended complaint (which is substantially similar to the complaint in this action), finds that the plaintiff fails to state a cognizable claim "under any of the statutory provisions she lists in her amended complaint," and dismisses the amended complaint in accord with 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  In this action, exactly as in the earlier action, the plaintiff fails to state a cognizable claim for either a statutory violation or a tortious infliction of emotional distress.  In sum, the plaintiff has attempted on three occasions in two venues to assert the same insufficient allegations.  Enough is enough.

Accordingly, the motion (Doc. 7) to dismiss is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on April 14, 2011.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE