UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHA MAINES,

    Plaintiff,

v.                                              Case No. 8:11-cv-163-T-23MAP

USAA, *et al.*,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's motion for permission to appeal *in forma pauperis* and affidavit (doc. 15). Plaintiff, proceeding *pro se*, filed a complaint asserting multiple claims against Defendants relating to a purported automobile loan and sought to proceed *in forma pauperis* (docs. 1, 2). After consideration, the Court initially allowed Plaintiff to proceed *in forma pauperis* in this action (doc. 3). Subsequently, Defendants filed a motion to dismiss, which the Court granted (docs. 7, 13). In dismissing Plaintiff's action with prejudice, the district judge found Plaintiff failed to state a cognizable claim for either a statutory violation or a tortious infliction of emotional distress and, more importantly, that Plaintiff "has attempted on three occasions in two venues to assert the same insufficient allegations" (doc. 13). Plaintiff now seeks to appeal the Order dismissing this action and to proceed on appeal *in forma pauperis* (doc. 15).

Pursuant to Rule 24(a), Federal Rules of Appellate Procedure, a party in a district-court action seeking to appeal *in forma pauperis* must file a motion and attach an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1)(A)-(C). Where

a party was permitted to proceed *in forma pauperis* in the district-court action, the party may proceed on appeal *in forma pauperis* without further authorization unless the district court certifies the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3)(A). Further, a court may dismiss a case at any time if it determines the action or appeal is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "[A]n IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee v. Retailers Nat'l Bank*, 271 Fed. App'x 858, 859-60 (11th Cir. 2008) (*per curiam*) (*quoting Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). In this context, "good faith" is judged by an objective standard and shown when a plaintiff seeks appellate review of any issue not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

As the Order dismissing this action makes plain, Plaintiff has failed to state any cognizable claim, she has unsuccessfully sought the same relief on three occasions in two separate venues, and her claims and appeal of those claims are thus frivolous (doc. 13). Furthermore, the issues she proposes will be raised on appeal bear no relation to the claims set forth in her complaint in this action. *See* doc. 15. For the reasons set out by the district judge in his Order dismissing the case (doc. 13), therefore, it is hereby

RECOMMENDED:

1. Plaintiff's motion for permission to appeal *in forma pauperis* and affidavit (doc. 15) be denied.

2. The Court certify the appeal is not taken in good faith.

3. The Clerk notify the Eleventh Circuit that the motion to proceed *in forma pauperis* is

denied and that the appeal is not taken in good faith in accordance with Rule 24(a)(4), Federal Rules of Appellate Procedure.

IT IS SO REPORTED in Tampa, Florida, on July 14, 2011.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:    The Honorable Steven D. Merryday
       Plaintiff, *pro se*